USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
:
UNITED STATES OF AMERICA,
: 06 Cr. 827 (WHP)
:
-against- : MEMORANDUM & ORDER
:
KOSTAS KAPSIS,
:
              Defendant.
:
----------------------------------X

WILLIAM H. PAULEY III, United States District Judge:

        Kostas Kapsis moves to terminate his remaining term of supervised release pursuant to 18 U.S.C. § 3583(e). For the following reasons, Kapsis' motion is granted.

## BACKGROUND

        On March 8, 2007, Kapsis pled guilty to one count of making and possessing counterfeit and forged securities in violation of 18 U.S.C. § 513. This Court later sentenced Kapsis principally to eighteen months of imprisonment concurrent with any prospective state sentence for charges he was then facing, to be followed by three years of supervised release. Kapsis also pled guilty in New York State Supreme Court to "charges grounded in credit card fraud," and was sentenced to sixteen to forty-eight months of imprisonment. (Mem. of Law in Supp. of Mot. for Termination of Supervised Release and Discharge ("Mem.") 3; Declaration of Kostas Kapsis, dated Nov. 4, 2011 ("Kapsis Decl.") n.1.)

        After his release from prison on this case, Kapsis has been supervised in the Eastern District of New York. (Government letter to the Court, dated Feb. 17, 2012 ("Ltr.") at 2.) While on supervised release, Kapsis has maintained employment, incurred no violations, and

successfully completed psychotherapy treatment. The New York State Board of Parole granted him a favorable discharge. (Kapsis Decl. ¶ 20; Kapsis Decl., Ex. 4: Letter from Deb Shapiro; Kapsis Decl. Ex. 5: Final Discharge, Department of Corrections and Community Supervision, dated June 4, 2011; Declaration of Robert Y. Lewis, dated Nov. 8, 2011 ¶ 2.) In recognition of these accomplishments and in acknowledgment of his low risk of violating supervised release, Kapsis was transferred to Low Intensity supervision. (Letter from Eileen Kelly to the Court, dated Apr. 9, 2013.)

## DISCUSSION

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early termination of supervised release is discretionary and only occasionally warranted due to changed circumstances, such as a defendant's exceptionally good behavior. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Mere compliance with the terms of supervised release is expected and does not qualify as "exceptionally good behavior." United States v. Katz, Nos. 02-CR-1586 (JFK), 02-CR-1589 (JFK), 2008 WL 4699832, at *2 (S.D.N.Y. Oct. 23, 2008).

In determining whether "changed circumstances" exist, courts consider the factors set forth in 18 U.S.C § 3553(a). See 18 U.S.C § 3583(e). During his term of supervised release, Kapsis has maintained steady employment, successfully completed treatment, and had no negative contacts with law enforcement—all of which favors early termination. See United States v. Rentas, 573 F. Supp. 2d 801, 802 (S.D.N.Y. 2008) (defendant's conduct on supervised release—securing steady employment, successfully completing a drug treatment program,

having no new contacts with law enforcement, and getting married—were sufficiently compelling grounds to warrant early termination).

Probation in the Eastern District of New York transferred Kapsis to Low Intensity supervision—recognizing that active supervision was no longer required. And while Probation continues to recommend that supervised release continue until June 3, 2013, this would serve little purpose. Rather, Kapsis' exemplary conduct on supervised release and Probation's decision to discontinue active supervision show that continued supervised release is unnecessary and its termination would further the interest of justice.

## CONCLUSION

For the foregoing reasons, Kostas Kapsis' motion to terminate supervised release is granted. The Clerk of Court is directed to terminate the motion pending at ECF No. 31.

Dated: April 16, 2013
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III,
U.S.D.J.

John Zack
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
*Counsel for Government*

Robert Y. Lewis
Freeman Lewis LLP
228 East 45th Street, 17th Floor
New York, NY 10017
*Counsel for Defendant*